UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HRUSKA, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 7433 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

Joseph Hruska brought this suit against his former employer, the Forest Preserve District of Cook County, Illinois, alleging that he was wrongfully terminated in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The court granted the District's summary judgment motion, 2013 WL 1195699 (N.D. Ill. Mar. 21, 2013), and entered final judgment, Doc. 81. Now before the court is the bill of costs the District filed pursuant to Federal Rule of Civil Procedure 54(d), which seeks $887.50 in costs. Doc. 82. Hruska responded, Doc. 84, and the District replied, Doc. 85. For the following reasons, the District is awarded costs in the amount of $861.80.

**Discussion**

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where

-1-

the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted). Hruska concedes that the District is the prevailing party, but raises two objections to the costs it seeks. The objections are considered in turn.

    A.    **Deposition Transcripts**

Section 1920(2) permits recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The law governing the recovery of costs for deposition transcripts is as follows:

> [P]laintiff's argument that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily obtained for use in this case is … without merit. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court.

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (citations omitted).

Hruska objects to $769.50 in costs for the deposition transcripts of Jonathan Rothstein and Francesca Gaeta on the ground that the District's bill of costs does not indicate why such transcripts were necessarily obtained for use in the case. Doc. 84 at 2. The District's reply explains that Hruska deposed Rothstein and Gaeta after the District filed its summary judgment motion, and Hruska's response to the motion cited Rothstein's and Gaeta's deposition transcripts

numerous times. Doc. 85 at 2. The District therefore felt obligated to obtain the transcripts, which the District used in its summary judgment reply brief. Doc. 73-1 at 11-13, 19-20. It follows that these transcripts were reasonably necessary to the District at the time they were obtained.

The District's materials reflect a per-page cost of $2.30 for the Rothstein transcript and $2.40 for the Gaeta transcript. Doc. 82 at 6-7. Those amounts are below the Judicial Conference's current per-page limit of $3.65, and therefore are reasonable. *See Pugh v. Bd. of Educ. of City of Chi.*, 2012 WL 5199629, at *3 (N.D. Ill. Oct. 22, 2012); *Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012). Hruska's objection to the $769.50 in deposition transcript costs accordingly is overruled.

### B. Copying Fees

Hruska objects to $51.40 in copying fees incurred by the District for duplicating two sets of pleadings and motions. "The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). The only court papers whose copying was reasonably necessary were those for which Local Rule 5.2(f) required the District to submit a courtesy copy to the presiding judge. *See Wells v. Johnson*, 2012 WL 3245955, at *1 (N.D. Ill. Aug. 6, 2012) (costs of courtesy copies are necessarily incurred); *Perry v. City of Chicago*, 2011 WL 612342, at *2 (N.D. Ill. Feb. 15, 2011) (same). The District seeks reimbursement for those courtesy copies, at ten cents per page, which is reasonable. *See Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable") (citing cases); *Grayson v. City of Chicago*,

2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003) ("Copy rates of between $0.10 and $0.20 per page have been found to be reasonable.") (citing cases).

That said, the cost of copying those documents will be reduced by half ($25.70) because the $51.40 sought reflects the cost of copying *two* sets of motions and pleadings, not just one. Doc. 82 at 3-5. The District explains that one set was provided to the court and the other set was "for its own file." Doc. 85 at 2. The extra set that the District made for itself was not "necessarily obtained" within the meaning of § 1920(4). *See McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (holding that § 1920(4) "does not encompass [a party's] copying of court filings for its own use"); *Nicholson*, 2012 WL 1192077, at *2 ("The second set that Allstate made for itself was not 'necessarily obtained' within the meaning of § 1920(4), and therefore cannot be recovered."); *Perry*, 2011 WL 612342, at *2 (holding that § 1920(4) does not allow recovery for "copies made solely for the convenience of counsel") (internal quotation marks omitted).

**Conclusion**

For the foregoing reasons, Hruska's objections to the District's bill of costs are sustained in part and overruled in part. The District's bill of costs of $887.50 is reduced by $25.70 for the extra set of motions and pleadings, resulting in a cost award of $861.80.

May 10, 2013

_____
United States District Judge